UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROCHE and SUE RADULOVICH,

        Plaintiffs,

v.                                                               Case No. 12-CV-10266
                                                            Honorable Denise Page Hood

CITIMORTGAGE, INC., TROTT & TROTT, P.C.,
FEDERAL HOME LOAN MORTGAGE CORP.,
JOHN DOE and MARY ROE,

        Defendants.

_____/

## ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

**I.   INTRODUCTION**

The Plaintiffs attempt to set aside a foreclosure sale after the expiration of the redemption period. Now before the Court is Defendants CitiMortgage and Federal Home Loan Mortgage Corporation's Motion to Dismiss [Docket No. 4, filed January 27, 2012]. For the reasons stated below, the Court abstains from deciding given the pending matter in Grosse Pointe Municipal Court. This case is dismissed without prejudice.

**II.   STATEMENT OF FACTS**

Plaintiffs John Roche and Sue Radulovich filed the present action *in pro se* in Wayne County Circuit Court on December 22, 2011 alleging the following: negligence, fraud, set aside foreclosure sale, void or cancel assignment of recorded mortgage, wrongful foreclosure and request for injunctive relief, breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent business practices, quiet title, slander of title, and intentional infliction of emotional distress. Defendants removed the action to this Court January 20, 2012.

In February 1999, Plaintiff Sue Radulovich executed a mortgage with Standard Federal Bank for a property in Grosse Pointe, Michigan. Radulovich also executed a Note as security on the Mortgage. In June 2002, Radulovich quit claimed the property to herself and her husband, John Roche as tenants in the entirety. On June 18, 2009, Standard Federal assigned the mortgage to CitiMortgage Inc. ("CMI) and recorded its interest on June 29, 2009.

In February 2009, Plaintiffs contacted CMI to discuss loan modification due to Plaintiffs' financial hardships. CMI advised Plaintiffs that they would not be eligible for a loan modification program unless they missed two payments. Plaintiffs missed payments in May and June 2009 as a result. Plaintiffs did not sign the loan modification program until July 29, 2009. Plaintiffs made a timely payment under the modification program. They were advised by CMI that they were not in foreclosure but in a loan modification trial period. Plaintiffs received a Sheriff's Deed in the mail and CMI assured them that they were not in foreclosure. The Property was sold at a sheriff's sale to Freddie Mac on July 15, 2009.

Defendant Trott & Trott drafted the Sheriff's Deed and other documents with the wrong name and property address. CMI informed Plaintiffs that it would not accept any further modification payments because Freddie Mac owned the Property. CMI also stated that it was working to reverse the foreclosure. Trott & Trott filed an affidavit expunging the sheriff's sale with the Wayne County Register of Deeds in April 2010.

CMI informed Plaintiffs in December 2010 that Trott & Trott had reversed the foreclosure and that Plaintiffs could resume making modification payments. However, CMI would not accept the payment when Plaintiffs sent it because Freddie Mac owned the Property. CMI informed Plaintiffs' failure to make modification payments caused the Property to go back into foreclosure. Plaintiffs conducted a records search and discovered that there was nothing to

indicate that the foreclosure had been expunged and demanded documents from CMI. CMI advised Plaintiffs that they would be placed back on the modification plan. Plaintiffs provided requested income statements but CMI did not provide documents showing that the first foreclosure had been reversed. Trott & Trott sent a letter in November 2010 stating that the foreclosure was reversed but the letter had the wrong name and address. Plaintiffs informed Trott & Trott of the mistake. The Property was sold again at a sheriff's sale to Freddie Mac on June 22, 2011. The redemption period expired on December 22, 2011.

Freddie Mac filed an action in Grosse Pointe Municipal Court requesting that the Court evict Plaintiffs. The Grosse Pointe Municipal Court found that there were "numerous ambiguities" in the assignment of the mortgage and that the mortgage did not "encompass [Plaintiffs'] entire property." The municipal court concluded that it could not "summarily enlarge [the] mortgage." Defendants filed a motion for reconsideration.

### III. ANALYSIS

#### A. Standard of Review

In a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must show that she alleges a claim under federal law and that the claim is "substantial." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A claim is substantial unless "prior decisions inescapably render [it] frivolous." *Id.* (quoting *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendants have attached several exhibits to its motion to dismiss: the Note, the Mortgage, the Assignment, the Home Affordable Mortgage Trial Period Plan, the two Sheriff's Deeds and Affidavit pursuant to M.C.L. § 565.451a expunging the Sheriff's Sale from Freddie Mac. The Court may consider these exhibits without converting Defendants' motion to dismiss to a motion for summary judgment if the matters are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). These are matters of public record and central to the Complaint. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (noting that the court may consider exhibits attached to the complaint or defendant's motion to dismiss, public records, and items in the record of the case if they are referred to in the complaint and central to its claims without making the motion one for summary judgment). The Court will consider the affidavit. It is a public

record and was made pursuant to M.C.L. § 565.451a[1] and recorded with the Wayne County Register of Deeds on April 1, 2010. The Court will proceed with analyzing Defendants' motion under the Rule 12(b)(6) standard.

The allegations of a *pro se* litigant are held to a less stringent standard than for those applied to formal pleadings drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The Court must apply care to a *pro se* complaint to determine whether there is any possible set of facts that would entitled the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). However, the Court is not required to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiffs argue that this action was improperly removed to federal court. They rely on Michigan Court Rule 2.105(2) to show that service was ineffective because Defendants served Plaintiffs by certified and not first class mail and there was no acknowledgment of receipt. Defendants removed this action on the basis of federal jurisdiction because Freddie Mac is a party. *See* 28 U.S.C. § 1452(f). Plaintiffs were served by certified mail. Federal Rule of Civil Procedure 5(b)(2)(C) provides that service may be effectuated by mailing the notice of removal to the party's last known address. In this event, "service is complete upon mailing." Defendants mailed the notice of removal to the address listed on Plaintiffs' Complaint. This is the same address that is the subject of the present suit. The Federal Rules of Civil Procedure do not require Defendants to do more. Service was proper.

Plaintiffs next contend that the present action was not removable pursuant to *Younger v.*

---

[1] Michigan Complied Law § 545.451a provides in relevant part:
    An affidavit stating facts relating to any of the following matters which may affect the title to real property in this state made by any person having knowledge of the facts or by any person competent to testify concerning such facts in open court, may be recorded in the office of the register of deeds of the county where the real property is situated: . . .
    (d) Knowledge of such registered surveyors reconciling conflicting and ambiguous descriptions in conveyances with descriptions in a regular chain of title . . .

5

*Harris*, 401 U.S. 37 (1971). Defendants do not directly address Plaintiffs' argument. The *Younger* abstention doctrine cautions the federal district court to abstain from interfering with a pending criminal prosecution absent "extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The doctrine's application was extended to civil proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). The Court must consider three factors when determining whether it should abstain from interfering with a state court proceeding: (1) whether there is an underlying ongoing judicial proceeding; (2) whether an important state interest is implicated in the underlying proceeding; and (3) whether there is an adequate opportunity to raise constitutional issues in the underlying proceeding. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

At first glance there appears to be no underlying pending state court matter. Plaintiffs' submit an opinion from the Municipal Court of Grosse Pointe Woods. The final line of the opinion indicates "[t]his resolves the last pending claim and closes the case in its entirety." The only other matter filed was the claim in Wayne County Circuit Court, which Defendants removed to this Court on the basis of federal jurisdiction. However, Defendants have filed a motion for reconsideration with the municipal court that addresses some of the issues raised here, i.e., whether the municipal court exceeded its jurisdiction when it determined that the mortgage was not valid. Although the case is closed, it appears that the matter remains pending before the municipal court.

As to the second factor, an important state issue is present here. Regarding the final factor, the underlying matter was briefed and oral arguments were held. Defendants are now awaiting a determination on their motion for reconsideration. It is apparent that there has been an adequate opportunity to raise any issues in the lower court. The *Younger* abstention doctrine

6

applies in this matter.

Plaintiffs argue that the municipal court's finding that the mortgage contained inconsistencies is binding on this Court. Plaintiffs did not provide a basis for this argument. Defendants argue that the municipal court's finding was not binding for the purpose of collateral estoppel because the court was not competent because it exceeded its jurisdiction. It appears that Defendants are urging the Court to find that the municipal court's finding is wrong. The *Rooker-Feldman* doctrine is instructive and further warrants abstaining from deciding this matter.

The *Rooker-Feldman* doctrine is derived from two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). The doctrine has limited application. *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). The *Rooker-Feldman* doctrine prohibits federal courts from exercising appellate jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine is not triggered by a state court judgment. *Id.* at 292. Rather, the "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant

---

[2] 28 U.S.C. § 1257(a) states:
> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

prevails under principles of preclusion.'" *Id.* (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). In short, the doctrine applies to cases where the plaintiff's claims are based on an injury derived from the state court decision *itself* and not some other independent action. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. Mich. 2006); *Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006).

Essentially, Defendants are arguing that the municipal court erred and that the municipal court lacked jurisdiction to render its conclusion. Defendants would like this Court to rule that the municipal court was wrong and further rule in Defendants' favor. The Court refrains from making a decision that would have the effect of reversing the municipal court's decision.

## IV. CONCLUSION

**IT IS ORDERED** that CitiMortgage and Federal Home Loan Mortgage Corporation's Motion to Dismiss [Docket No. 4, filed January 27, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Court will abstain from rendering a decision given the pending matter in Grosse Pointe Municipal Court.

**IT IS SO ORDERED**.


S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager